IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERICA WILLIAMS and DEWANE WILLIAMS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civ. Action No. 16-089-GMS<br>) |
| SOMERSET COUNTY FAMILY SERVICES, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM**

**I.  INTRODUCTION**

The plaintiffs Erica ("Erica") and Dewane ("Dewane") Williams ("the plaintiffs"), filed this lawsuit on February 16, 2016. (D.I. 2.) They appear *pro se* and were granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**II.  PROCEDURAL AND FACTUAL BACKGROUND**

This case involves the October 11, 2012 removal of the plaintiffs' children from the State of Delaware by the Somerset County Department of Social Services for the State of Maryland ("SDSS"), and the children's placement in foster care in Somerset County, Maryland. The plaintiffs seek the return of their minor children who are under the care and custody of the State of Maryland.

The plaintiffs filed a similar case in this court in March 2013. *See Williams v. Maryland Circuit Court*, Civ. No. 13-441-GMS (D. Del.) The instant complaint and Civ. No. 13-441-GMS have many of the same defendants including Heather Ruark, Jamie Cuger (spelled Couglar in

Civ. No. 13-441-GMS), Jennifer Goolie, Daniel Long, Master Robert Laird, and Brian Shockley. In Civ. No. 13-441-GMS, the court abstained from exercising jurisdiction and dismissed the complaint on September 6, 2013, pursuant to the *Younger* abstention doctrine after the court was provided with exhibits that indicated the issues raised by the plaintiffs in Civ. No. 13-441-GMS were being heard in the Maryland Courts. (*See* Civ. No. 13-441-GMS at D.I. 30.) The court was advised that Dewane had filed a notice of appeal on June 19, 2013 with regard to the custody of his children. The appeal was pending as of the date this court dismissed No. 13-441-GMS. It's disposition is unknown.

The September 6, 2013 memorandum in Civ. No. 13-441-GMS provides a detailed factual background of the events surrounding custody of the plaintiffs' children, as follows:

> The plaintiffs and their children resided in Maryland. In either September or October 2010 they moved to Delaware. The plaintiffs currently reside in Delaware. The minor children are currently under the care and custody of the State of Maryland pursuant to orders issued in child in need of assistance actions. On August 28, 2012, the Somerset County Department of Social Services ("SDSS") filed child in need of assistance petitions in juvenile court regarding the minor children. Thereafter, the SDSS began trying to locate the children for the purposes of placing them in shelter care. With the assistance of the Delaware authorities, the Maryland Department of Juvenile Services ("MDJS") located the family and, on October 11, 2012, three of minor children were accepted into shelter care in Maryland. On October 16, 2012, the three children were placed in the temporary care and custody of the SDSS. A fourth child was committed to custody of the MDJS.
>
> Contested child in need of assistance adjudication and disposition hearings were held on December 20, 2012, January 25, 2013, and February 1, 2013. During the hearing, counsel for the parents moved to have the case transferred to the State of Delaware. The court reserved ruling on the issue and ordered the SDSS to provide a plan as to how it would make reasonable efforts for reunification with the parents in Delaware. In addition, the parties were to prepare arguments on a motion to transfer to Delaware or to a close county in Maryland. The court found that the children were in need of assistance and recommended commitment to the SDSS's custody for continued foster care placement. The parents filed exceptions

to the findings and requested a de novo hearing. On June 19, 2013, the juvenile court in the Circuit Court for Somerset County in the State of Maryland issued an order that determined the children were in need of assistance and committed them to the SDSS. The parents were ordered to comply with the Interstate Compact for the Placement of Children ("ICPC"), an interstate compact that facilitates the placement of children across state lines. Dewane, but not Erica, appealed the order on June 19, 2013.

*Williams v. Shockley*, 2013 WL 4804757, at *1-2 (D. Del. Sept. 6, 2013)

In the instant complaint the plaintiffs allege violations of their civil rights and discrimination under the Fourteenth Amendment. The plaintiffs also allege violations of state and federal criminal statutes and ask the court to criminally charge all named defendants. Finally, the plaintiffs ask the court to "enter a law suit[] against Somerset County Family Services and Somerset County Circuit Court." (D.I. 2 at 4.) They seek compensatory damages. (*See* D.I. 2 at civil cover sheet.)

## III. LEGAL STANDARDS

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because the plaintiffs proceed *pro se*, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a

3

complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiffs leave to amend their complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly

4

give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Statute of Limitations

The plaintiffs allege that their children were "kidnapped" on October 11, 2012. To the extent that the plaintiffs seeks to raise claims under 42 U.S.C. § 1983 for violations of their Fourteenth Amendment rights, as alleged, the claims are time-barred.

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). In Maryland, § 1983 claims are subject to a three-year limitations periods. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Arawole v. Gaye*, 2002 WL 32356684, at *1 (D. Md. Feb. 5, 2005), *aff'd*, 46 F. App'x 206 (4th Cir. 2002) (unpublished). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta*

*Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (unpublished) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Here, the plaintiffs complain of acts occurring on October 11, 2012 and they filed the instant complaint on February 16, 2016. Hence, it is evident from the face of the complaint that all claims that accrued prior to February 16, 2014 (in Delaware) and February 16, 2013 (in Maryland) are barred by Delaware's two-year, and Maryland's three-year, limitations period. Because the plaintiff's allegations are time-barred the court will dismiss the § 1983 claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## B. Deficient Pleading

The complaint's scant and conclusory allegations fail to meet the pleading requirements of *Iqbal* and *Twombly*. The civil cover sheet names 18 defendants, but Somerset County Family Services, Craig Mathies, and Jennifer Goolie are the only defendants mentioned by name in the complaint. In addition, the complaint does not provides dates or places where the alleged wrongful acts committed by these three defendants took place. Moreover, the allegations are conclusory. Having reviewed the allegations, the court finds that the complaint fails to state plausible claims for relief.

## C. Eleventh Amendment Immunity

It appears in reading the complaint that the plaintiffs seek only to sue Somerset County Family Services and Somerset County Circuit Court given that the complaint states, "we would

like to enter a law suit[] against" these two entities.¹ Both Somerset County Family Services and Somerset County Circuit Court are immune from suit.

The Eleventh Amendment proscribes actions in the federal courts against states and their agencies. *Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981); *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)).

It is well-settled that a circuit court is an arm of the state and that Maryland has not waived its Eleventh Amendment immunity. *See Alexander v. District Court of Maryland for Charles Cnty.*, 2008 WL 6124449, at *7 (D. Md. Mar. 20, 2008). Accordingly, the court will dismiss the claims against the Maryland Circuit Court of Somerset County and its Family Services Program as immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### D. Criminal Charges

In reading the complaint it appears that the plaintiffs wish to bring criminal charges against all named defendants. To the extent that the plaintiffs seek to impose criminal liability upon the defendants pursuant to the criminal statutes upon which they rely, they lack standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008) (unpublished); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his

---

¹The complaint does not name the Somerset County Circuit Court as a defendant. The Family Services Program falls under the umbrella of the Circuit Court of Somerset County. *See* http://www.mdcourts.gov/circuit/somerset/familyservices.html (Apr. 12, 2016).

or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Therefore, the criminal claims will be dismissed as frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B).

### E. *Younger* Abstention/*Rooker-Feldman* Doctrine

#### 1. *Younger* Abstention

As discussed above, this court was provided with exhibits in Civ. No. 13-441-GMS that indicate the issues raised by the plaintiffs in this court have been, or currently are being, heard in the Maryland Courts. To the extent cases remain pending in the Maryland State Court and there has been no final resolution on the issues raised, this court must abstain by reason of the abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971).[2] Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which may interfere with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). In addition, under *Younger*, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[3] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). Abstention is appropriate when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the

---

[2] The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785, n.1 (3d Cir. 1994).

[3] The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

8

state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[4] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975). Additionally, the state proceeding need not be ongoing at the time the federal complaint is before the court as long as the plaintiff had an adequate opportunity to resolve the federal issue in a state proceeding. *Huffman v. Pursue Ltd.*, 420 U.S. at 608.

The *Younger* elements have been met here and none of the its exceptions apply. In this case there is an ongoing state judicial proceeding and the guardianship/custody issue is on appeal before the Maryland Courts. As to the second factor, the State of Maryland has a substantial interest in the fair administration of child custody and parental rights proceedings. *See Moore v. Sims*, 442 U.S. 415, 427 (1979) (recognizing such an interest in child abuse cases). Finally, the state court proceedings provide the plaintiffs with an adequate opportunity to present their federal (i.e., due process) claims. *See e.g., Al-Mansour v. Shraim*, 2012 WL 983785 (D. Md. Mar. 21, 2012) (Maryland state court has a strong interest in deciding issues regarding child support and can appropriately consider federal statutory or constitutional issues). Accordingly, pursuant to *Younger* and its progeny, the court must abstain. *See Pennzoil Co. v, Texaco*, Inc., 481 U.S. 1,15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

---

[4]Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

Based upon the foregoing, under the *Younger* abstention doctrine, the court must abstain from exercising jurisdiction over the plaintiffs' claims regarding the care and guardianship/ custody of their children.

### 2. *Rooker-Feldman* Doctrine

To the extent the Maryland Courts have reached a final judgment on the plaintiffs' claims regarding the care and guardianship/custody of their children, the court has no authority to review the final judgment of the Maryland courts. The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, 2002 WL 976001 (D. Del. 2002). The *Rooker-Feldman* doctrine applies to the extent that this is a case "brought by [a] state-court loser [ ] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

As stated above, to the extent Maryland courts have entered judgment on the plaintiffs' claims, the instant complaint falls within the purview of the *Rooker-Feldman* doctrine. Allowing the plaintiffs' claims to proceed against the defendants would allow them to use the federal courts to appeal state court judgments and, thus, would run afoul of these principles. Therefore, the court cannot exercise jurisdiction pursuant to the *Rooker-Feldman* doctrine.

## V. CONCLUSION

For the above reasons, the court will: (1) dismiss the case as frivolous, for failure to state a claim upon which relief may be granted, and pursuant to the defendants' immunity from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii); and (2) abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine or, in the alternative, the *Rooker-Feldman* doctrine. The court finds amendment futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

April 27, 2016
Wilmington, Delaware

11